**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PETER MASTRION and SHELLEY MASTRION, <br><br> Plaintiffs, <br><br> vs. <br><br> BLUE MARTINI LAS VEGAS, LLC, a Nevada Limited Liability Company, d/b/a BLUE MARTINI; TURNBERRY/CENTRA SUB, LLC, a Foreign limited liability Company, d/b/a TOWN SQUARE LAS VEGAS; JOHN ENCINIO; JAVIER AGOSTO; TRAVIS ARMSTRONG; SETH GORDON; VALOR SECURITY SERVICES, INC., a dba of MYDATT SERVICES, INC.; ROE SECURITY OFFICERS I-V, individually; and POE BUSINESS ENTITIES I-V, inclusive, <br><br> Defendants. | 2:10-cv-00662-HDM-RJJ <br><br><br> ORDER |

Defendant Mydatt Services, Inc., dba Valor Security Services, Inc., has filed a "motion to dismiss with summary judgment

1

treatment" (Docket # 54). In the motion, defendant Mydatt Services suggests, in part, that plaintiffs were not granted leave to file an amended complaint at the hearing on February 24, 2011.

At the hearing on February 24, 2011, the court dismissed defendant Las Vegas Metropolitan Police Department (LVMPD) based on a stipulation between plaintiffs and LVMPD (Docket # 40, 41). In addition, the court granted plaintiffs leave to file an amended complaint.[1] The court has been advised that the court's electronic recorder malfunctioned just prior to the hearing on February 24, 2011. Accordingly, there is no verbatim record of the hearing. Nevertheless, it was clearly the court's intent to grant plaintiffs' motion for leave to amend the complaint to include Valor Security Services, Inc., Javier Agosto, Travis Armstrong, and John Encinio. The court hereby reconfirms its order from the hearing on February 24, 2011 granting plaintiffs leave to amend the complaint nunc pro tunc to February 24, 2011.

The original complaint in this action asserted original jurisdiction with this court based solely on plaintiffs' Section 1983 claims against LVMPD. After the dismissal of LVMPD, all remaining causes of action in this case are state common law tort claims. There is no allegation in the amended complaint that jurisdiction is based on diversity of citizenship (Docket # 42). 28 U.S.C. § 1367(c) states that the "district court may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original

---

[1] Plaintiffs' motion for leave to file an amended complaint (Docket # 31) was denied as moot as against LVMPD only.

jurisdiction."  The court, by separate order, will dismiss this action for lack of jurisdiction.  Therefore, the court declines to address the substantive law issue of whether the plaintiff had the right to amend the complaint to substitute actual for fictitious parties under NRCP 10(a) and *Nurenberger Hercules-Werke GMBH v. Vironstek*, 107 Nev. 873 (1991), which issue was the basis for the defendant Mydatt Services' motion to dismiss (Docket # 54).  The parties may address this issue with the state court.

**IT IS SO ORDERED.**

DATED: This 13th day of May, 2011.

_____
UNITED STATES DISTRICT JUDGE