**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PETER MASTRION and SHELLEY MASTRION, | 2:10-cv-00662-HDM-RJJ |
| Plaintiffs, | |
| vs. | ORDER |
| BLUE MARTINI LAS VEGAS, LLC, a Nevada Limited Liability Company, d/b/a BLUE MARTINI; TURNBERRY/CENTRA SUB, LLC, a Foreign limited liability Company, d/b/a TOWN SQUARE LAS VEGAS; JOHN ENCINIO; JAVIER AGOSTO; TRAVIS ARMSTRONG; SETH GORDON; VALOR SECURITY SERVICES, INC., a dba of MYDATT SERVICES, INC.; ROE SECURITY OFFICERS I-V, individually; and POE BUSINESS ENTITIES I-V, inclusive, | |
| Defendants. | |

Defendants Blue Martini Las Vegas, LLC, and Turnberry/Centra Sub, LLC, have filed a motion to dismiss pursuant to Federal Rule

1

of Civil Procedure 12(b)(1). (Docket # 55)  Defendants argue that plaintiffs' first amended complaint (Docket # 42) does not allege any federal claims sufficient for this court to exercise jurisdiction and this action should be dismissed for lack of subject matter jurisdiction.

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331.  "[I]n any civil action of which district courts have original jurisdiction, the district courts ... have supplemental jurisdiction over all other [related] claims."  See 28 U.S.C. § 1367(a).  According to 28 U.S.C. 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a claim ... if ... [it] has dismissed all claims over which it has original jurisdiction."

When this case was filed, the court had original jurisdiction over plaintiffs' Section 1983 claims against defendant LVMPD and supplemental jurisdiction over plaintiffs' state law claims against the other defendants.  The basis for original jurisdiction was removed when defendant LVMPD and plaintiffs' Section 1983 claims were dismissed on February 24, 2011 (Docket # 40, 41) and when plaintiffs amended their complaint and removed their Section 1983 cause of action against LVMPD (Docket # 42).

The court finds that the parties will not suffer undue prejudice if this case is remanded to state court because the amended complaint was filed on March 1, 2011, discovery will not close until June 3, 2011, and no trial date has been set by the court.  Accordingly, the court declines to exercise supplemental jurisdiction over plaintiffs' state law claims.  See 28 U.S.C. §

2

1367(c); *Osborn v. Haley*, 549 U.S. 225, 245 (2007); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Therefore, defendants' motion to dismiss (Docket # 55) is hereby GRANTED and this action is DISMISSED without prejudice to be re-filed in the appropriate state court.

**IT IS SO ORDERED.**

DATED: This 13th day of May, 2011.

_____
UNITED STATES DISTRICT JUDGE